**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    ELIZABETH RODRIGUEZ-VEGA,                    No. C-13-0097 EMC

9                 Petitioner,

10        v.                                      **ORDER GRANTING IN FORMA
                                                  PAUPERIS STATUS, GRANTING
11   ERIC HOLDER, in his official capacity as     MOTION FOR ORDER TO SHOW
     Attorney General; JANET NAPOLITANO, in       CAUSE, AND DENYING MOTION TO
12   her official capacity as Secretary of the    APPOINT COUNSEL**
     Department of Homeland Security; JOHN
13   MORTON, in his official capacity as the
     Director of Immigration and Customs
14   Enforcement; TIMOTHY S. AITKEN, in his       (Docket Nos. 4, 5, 7)
     official capacity as Regional Director of
15   removals for Immigration and Customs
     Enforcement; LT VANDERLIN, in his
16   official capacity as Director of Contra Costa
     West County Detention Center,
17
                  Respondents.
18   _____/

19

20        Petitioner Elizabeth Rodriguez-Vega is currently being held in Immigrations and Customs

21   Enforcement ("ICE") detention in the Contra Costa West County Detention Center.  She has been

22   held in custody continuously since June of 2012.  She brings a petition for writ of habeas corpus

23   alleging violations of her due process rights.  She has filed a motion for leave to proceed in forma

24   pauperis, Docket No. 4, a motion to appoint counsel, Docket No. 5, and a motion for order to show

25   cause, Docket No. 7.

26   //

27   //

28

**United States District Court**
For the Northern District of California

# I.   BACKGROUND

The petition provides the following information:  Ms. Rodriguez-Vega has been a legal permanent resident of the United States since 2003.  She moved to the country as a child with her parents; her father later became a naturalized citizen.  In April 2012, she was arrested and charged with violating 8 U.S.C. § 1324 for attempted transportation of illegal aliens.  She eventually pled guilty to one misdemeanor count of attempted transport of an illegal alien.  Prior to this incident, she had no criminal history.

On June 27, 2012, the government initiated removal proceedings against Ms. Rodriguez-Vega, alleging that she was removable because she had been convicted of an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(N).  On August 3, 2012, the Immigration Judge denied her request for a bond, finding that she was subject to mandatory detention under 8 U.S.C. § 236(c).  She subsequently denied the allegations in the government's notice to appear, and contested removability.  She also filed a petition in the U.S. District Court for the Southern District of California to vacate her § 1324 conviction pursuant to 28 U.S.C. § 2255.

Ms. Rodriguez-Vega filed a motion for a bond, and a subsequent motion to terminate proceedings, both of which were denied.  The Immigration Judge ordered Ms. Rodriguez-Vega removed from the United States.  She appealed, filing her opening brief with the Board of Immigration Appeals on December 17, 2012.

# II.   DISCUSSION

A.   *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).  *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require an applicant to demonstrate absolute destitution.  *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)).

**United States District Court**
For the Northern District of California

1    In her financial affidavit, Ms. Rodriguez-Vega states that she is not presently employed and

2    that he has not been employed since February 2012.  She lists no source of income, and does not

3    have a bank account or own any cash.  She does not own a house or a car.  She lists monthly

4    expenses of $1,100.  Given these circumstances, the Court **GRANTS** Ms. Rodriguez-Vega's

5    application to proceed *in forma pauperis*.

6

7    B.    Motion to Appoint Counsel

8    Ms. Rodriguez-Vega brings a motion to appoint counsel, seeking appointment of Attorney

9    Erick L. Guzman, who has prepared all of Ms. Rodriguez-Vega's filings in this motion to date and

10   submitted them indicating that he is her attorney.

11   A district court may appoint counsel to represent a habeas petitioner whenever "the court

12   determines that the interests of justice so require and such person is financially unable to obtain

13   representation." 18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the

14   discretion of the district court.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986).

15   Appointment is mandatory only when the circumstances of a particular case indicate that appointed

16   counsel is necessary to prevent due process violations.  *See id.*

17   In this case, as Ms. Rodriguez-Vega is already represented by counsel, this Court **DENIES**

18   her motion to appoint counsel without prejudice.  If at some point in the future she finds herself

19   without counsel, she may contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor,

20   Room 2796, Telephone No. (415) 782–9000 extension 8657, for free legal advice regarding her

21   claims.  Additionally, this Court directs her attention to the Handbook for Pro Se Litigants, which is

22   available along with further information for the parties on the Court's website located at

23   http://cand.uscourts.gov/proselitigants.

24

25   C.    Order to Show Cause

26   While the District Court does not have jurisdiction over petitions seeking review of an order

27   of removal issued by an Immigration Judge, *see* 8 U.S.C. § 1252(a)(5) (providing that such

28   jurisdiction lies with the court of appeals), it appears that Petitioner here is challenging not the

3

Immigration Judge's order finding her removable, but the Judge's denial of Petitioner's request for a bond while she appeals the removal order.  The Ninth Circuit has recognized that the District Courts can properly hear a habeas petition under 28 U.S.C. § 2241 under such circumstances.  *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) (finding that the jurisdiction stripping provision at § 1252 "does not apply to federal habeas corpus petitions that do not involve final orders of removal"); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) (reviewing § 2241 habeas petition that challenged bond set for petitioner who was appealing final order of removability).

Petitioner alleges that her due process rights have been violated by the Immigration Judge's denial of bond.  She cites various cases limiting the government's ability to keep people in civil immigration detention while their orders of removal are being challenged.  Having reviewed the petition, this Court has determined that it warrants a response.

### III.   CONCLUSION

For the foregoing reasons, Ms. Rodriguez-Vega's petition to proceed in forma pauperis is **GRANTED**, and her motion for appointment of counsel is **DENIED** without prejudice.

Additionally, as this Court finds that the petition for a writ of habeas corpus warrants a response.  Accordingly, **IT IS HEREBY ORDERED** as follows:

1.   Respondent must file with the Court and serve upon Petitioner, on or before April 1, 2013, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

2.   If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before May 1, 2013.

3.   Respondent may file and serve a reply on or before May 15, 10, 2013.

4.   The motion will be deemed submitted as of the date the reply brief is due. Absent further order of the Court, no hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is

decided against Respondent, the Court will then determine whether to require an answer to the petition.

This Order disposes of Docket Nos. 4, 5 and 7.

IT IS SO ORDERED.

Dated:  January 31, 2013

_____
EDWARD M. CHEN
United States District Judge